973 A.2d 943

MING YU HE AND JINGFAN HE, PLAINTIFFS-RESPONDENTS,
v. ENILMA MILLER, DEFENDANT-APPELLANT, AND
RANDY MILLER, DEFENDANT.

June 5, 2009.

To the Appellate Division, Superior Court:

A petition for certification of the judgment in A–5685–07 having been submitted to this Court, and the Court having considered the same;

And it appearing that the Law Division, in ruling on the motion for remittitur or for a new trial filed by defendant Enilma Miller in respect of the pain and suffering damages award in favor of plaintiff Ming Yu He and the per quod damages in favor of plaintiff Jingfan He, did not conduct a comprehensive examination and review of the jury's verdict as mandated by *Johnson v. Scaccetti*, 192 *N.J.* 256, 280–82, 927 *A.*2d 1269 (2007);

And the Law Division having remitted plaintiffs' jury verdict for pain and suffering from $1,000,000 to $200,000 and the per quod award from $100,000 to $20,000 or, in the alternative, having granted a new trial;

And the Appellate Division having granted plaintiffs' motion for leave to appeal;

And the Appellate Division, noting that the trial court had not conducted the type of searching analysis required by *Johnson, supra*, (1) having reversed the order of the Law Division remitting plaintiffs' jury verdict or, in the alternative, granting a new trial, and (2) having reinstated the jury's verdict;

And this Court having concluded that, in the context of a remittitur/new trial motion, a *Johnson* analysis is an indispensable condition precedent to meaningful appellate review;

And, for good cause appearing;

It is hereby ORDERED that defendant's petition for certification is granted, the judgment of the Appellate Division is summarily reversed in part, the matter is remanded to the Law Division for a complete and searching analysis under *Johnson, supra,* including "a factual analysis of how the award is different or similar to others to which it is compared[,]" *id.* at 281, 927 *A.*2d 1269, and, thereafter, the Appellate Division is to reconsider its judgment in light of the findings developed on remand.

Jurisdiction is not retained.